[Crim. No. 4032. First Dist., Div. One. Apr. 26, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. SAMUEL SCOTT, Defendant and Appellant.

Samuel Scott, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Robert B. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

TOBRINER, J.—Convicted of four violations of section 11715 of the Health and Safety Code (forging and uttering forged narcotic prescriptions), appellant submits an appeal in propria persona which fails to present the scintilla of a reason for reversal of the judgment.

An examination of the record discloses ample evidence to sustain the judgment of conviction. On four occasions appellant forged a prescription for a narcotic and uttered a prescription for a narcotic bearing a forged and fictitious signature.

Appellant's presentation on March 10, 1961, of the first prescription, written on the stolen forms of Drs. Hall and Good, bearing a forged signature of Dr. Hall, made out to a fictitious "Thelma Gray" of a fictitious address, was duplicated in substance by his presentation two days later on forms of the Stanford University School of Medicine, bearing the name of a nonexistent physician and issued to a fictitious "Robert Thomas." The third prescription, presented on March 14, 1961, also on the Stanford forms, bearing the fictitious name of "William Gray," and again signed by a nonexistent physician, was followed by the presentation of the fourth prescription, dated March 16, 1961, on a form apparently stolen from Dr. Lloyd E. Smith, bearing the forged signature of Dr. Smith and issued to "Natalie Williams."

When, on the call of a suspicious druggist, the officers confronted appellant with the last-mentioned prescription, he admitted presenting it; the officers placed appellant under arrest and searched him. They found several prescription blanks in his coat pocket, one in the name of "Byron E. Hall"; two, in the name of "Lloyd E. Smith, M.D." Apparently appellant attempted to swallow the prescription he had last presented; after some difficulty the officers recovered it in the shape of a spitball.

Appellant's contentions upon appeal that his actions derived from work as an undercover agent for the police, that the conviction cannot stand because an expert could not identify the handwriting as appellant's, and that the court improperly prevented appellant from calling certain witnesses to testify at the trial cannot be sustained.

Two police officers and an agent of the State Narcotics Bureau refuted appellant's claim that he served as an undercover agent and denied that appellant had worked for them, although admittedly appellant had testified for the police in certain cases. The defense as to the handwriting ex-

pert fails in the light of the fact that appellant himself may have disguised his writing or had another person actually perform the writing. Certainly we cannot hold as a matter of law that the expert's inability to identify the writing establishes appellant's innocence, despite the substantial evidence of guilt in support of the court's decision. Indeed, appellant admitted writing some prescriptions and stealing prescription blanks found in his possession. Finally, as to the court's alleged frustration of appellant's calling of desired witnesses, appellant fails to show that the counsel who represented him requested the calling of such witnesses.

We affirm the judgment.

Bray, P. J., and Sullivan, J., concurred.